UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Kenny Sinclair,<br><br>                                   Plaintiff,<br>          -v-<br><br>D. Daniels Contracting Ltd., and<br>David Daniels,<br><br>                                   Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Kenny Sinclair ("Plaintiff" or "Sinclair") by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants D. Daniels Contracting Ltd., and David Daniels (collectively "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains pursuant to the New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover his unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 196, compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law

1

and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. During his employment with Defendants, Plaintiff Kenny Sinclair ("Plaintiff" or "Sinclair") was a resident of Queens County New York.

8. Upon information and belief and at all times relevant herein, D. Daniels Contracting Ltd. ("DD Contracting") was a New York for-profit business corporation.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant David Daniels ("Daniels") who was in charge of the operations and management of DD Contracting.

10. Upon information and belief and at all times relevant herein, the corporate Defendant DD Contracting was owned/controlled/managed by Defendant Daniels and was his alter ego, and it was Defendant Daniels who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants DD Contracting and Daniels shared a place of business in Nassau County, New York at 32 Gates Avenue Inwood, NY 11096, where Plaintiff was employed.

12. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing garbage pick- up and disposal services to businesses.

14. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, owned and/or operated one or more locations and employed approximately 15 or more employees.

15. Plaintiff was employed by Defendants, individually and/or jointly from in or around January 2016 to on or about November 22, 2016.

16. At all times relevant herein, Plaintiff was employed by Defendants to help pick up, transport and dispose of garbage within New York.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants and was paid at a regular rate of about $20 an hour.

18. At all times relevant herein, Plaintiff worked approximately 72-84 or more hours each week, 6-7 days a week for Defendants.

19. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week including his overtime hours (hours over 40 in a week), for most or all weeks during his employment with Defendants – Plaintiff was paid for 40 or less hours per week, for most or all weeks during his employment with Defendants.

20. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage, time and employment records Defendants were required to keep under the FLSA (29

USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Accurate copies of Plaintiff's wage and time records that Defendants were required to keep are incorporated herein by reference.

21. At all times relevant herein, Plaintiff worked more than forty hours a week for defendants.

22. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not contain the hours worked by Plaintiff, nor Plaintiff's rates of pay, among other deficiencies.

24. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

25. Plaintiff complained to Defendant Daniels about the failure to pay him the required overtime as alleged herein, and in response Defendant Daniels told Plaintiff that if he keeps complaining about overtime he will have to work somewhere else.

26. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, had annual revenues from their operations of more than five hundred thousand dollars.

27. All times applicable or relevant herein refers to the period that Plaintiff performed worked for Defendants, individually and/or jointly.

28. Upon information and belief and at all times applicable herein, Defendants did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

4

29. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

30. The "·present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

31. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C 201 et Seq.

33. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

34. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

35. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## Relief Demanded

36. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

5

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

39. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## Relief Demanded

40. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 190, 191, 193, 195, 196 and 198)

41. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 40 above with the same force and effect as if fully set forth at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 196 and 198 and the applicable regulations thereunder.

43. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff his wages, including his unpaid non-overtime and overtime wages,

6

(FLSA and NYMWA), wage deductions, as required under NY Labor Law § 190 et seq.

44. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

45.  At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

46. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 196 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime and overtime wages,  wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

47. Declare Defendants, individually and/or jointly (including their overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 196 and 198.

48. As to the **First Cause of Action,** award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

7

49. As to the **Second Cause of Action,** award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

50. As to the **Third Cause of Action**, award Plaintiff his entire unpaid wages, including his unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendants to comply with NYLL 195(1) and NYLL 195(3).

51. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

52. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **June 19, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*